IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00262-WYD-MEH

MALIBU MEDIA, L.L.C.,

    Plaintiff,

v.

RICHARD SADOWSKI,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER WHICH RELIEF CAN BE GRANTED**

---

Pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. Pro.) Rule 12(b)(6), Defendant RICHARD SADOWSKI, ("Defendant") by and through counsel Wessels & Arsenault, L.L.C., respectfully motions this Court to dismiss Plaintiff James S. Grady's Complaint pursuant to 12(b)(6) for failure to state a claim under which relief can be granted.

### INTRODUCTION AND PARTIES

The present lawsuit involves a claim for copyright by Plaintiff Malibu Media, L.L.C. ("Plaintiff"). It is alleged by Plaintiff that sometime in 2013, Defendant's IP address and Defendant accessed multiple works owned by Plaintiff using the Bit Torrent protocol. Plaintiff alleges that Defendant infringed Works owned by Plaintiff. On January 29, 2014, Plaintiff filed the original Complaint in this matter against a John Doe at internet protocol ("IP") address 75.71.118.123. On May 14, 2014, Plaintiff amended the original Complaint to reflect the subscriber to the aforementioned IP address as the

Defendant. Defendant denies all allegations against him and files the present motion to dismiss for failure to state a claim under which relief can be granted.

## ARGUMENT

The Plaintiff's Complaint should be dismissed for failure to state a claim under which relief can be granted regarding Defendant RICHARD SADOWSKI pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. PLAINTIFF FAILS TO STATE A CLAIM UNDER WHICH RELIEF CAN BE GRANTED

Plaintiff fails to state a claim under which relief can be granted against Defendant RICHARD SADOWSKI in its First Amended Complaint ("FAC"). Plaintiff's FAC lacks the necessary volitional requirement and facts to plead that Defendant acted with volition to download the Works owned by Plaintiff aside from a circular claim that because he leased the IP address, that he is responsible. Plaintiff fails to plead the necessary volition requirements in order to sustain a claim for copyright infringement as a matter of law. For these reasons, this Court should dismiss the Complaint as to Mr. RICHARD SADOWSKI pursuant to Fed. R. Civ. Pro. 12(b)(6).

### A. Standard Of Review

The legal sufficiency of a complaint is a question of law. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). At its most basic level, a complaint is legally sufficient if it contains "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but

to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation omitted).

Fed. R. Civ. P. 8(a) does not require detailed factual allegations, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id., quoting Twombly,* 550 U.S. at 554. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id., quoting Twombly, 550 U.S. at 557. Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1951. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." Id., citing Fed. R. Civ. P. 8(a)(2).*

Here, because Plaintiffs make allegations without facts to support them, their first amended Complaint lacks the factual basis to support a claim against Defendant for copyright infringement. Accordingly, the Court must dismiss the present Complaint against Defendant.

**B.   Plaintiff Failed to Plead a Necessary Volitional Act in its Amended Complaint**

In its First Amended Complaint, Plaintiff fails to plead sufficient volitional acts by Defendant that he committed the acts of infringement alleged in the FAC.

For claims of copyright infringement, courts have read in a volitional requirement, finding that a person has to commit an act before a finding of liability can be imposed. *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004). In order to establish a prima facie claim of direct infringement, plaintiff must sufficiently allege facts

3

demonstrating that Defendant engaged in "volitional conduct." *Perfect 10, Inc. v. Giganews, Inc.*, no. cv 11-07098, 2013 WL 2109963, at *6-9 (C.D. Cal. Mar. 8, 2013) (analyzing volitional conduct requirement); *Fox Broad. Co. Inc. v. Dish Network*, 905 F. Supp. 2d 1088, 1102 (C.D. Cal. 2012), *aff'd* 723 F.3d 1067 (9th Cir. 2013).

Here, Plaintiff failed to allege the necessary volitional conduct to establish that Defendant actively engaged in or directly caused the infringement claimed by Plaintiff allegedly through Defendant's internet connection. Associating the Defendant with the claim at this point is similar to suing the subscriber of a telephone line where an allegedly illegal phone call took place without having evidence of who is responsible for the unlawful act. At best, Plaintiff has demonstrated that the internet protocol ("IP") address used at Defendant's home is allegedly used for the infringing activity claimed herein. In the FAC, Plaintiff does not properly associate Defendant's activities to the activity reported from the IP address claimed by Plaintiff's investigator, instead making unsupported conjecture.

Because Plaintiff failed to plead the element of volitional conduct by Defendant, the Court should dismiss the present Complaint against Defendant.

### C. Plaintiff fails to state a claim under which relief can be granted

For the foregoing reasons, Plaintiff's first amended complaint fails to state a claim under which relief can be granted against Defendant RICHARD SADOWSKI and the Court should dismiss the Plaintiff's Complaint against him.

### CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint for failure to state a claim under which relief can be granted against Defendant RICHARD

SADOWSKI.

### Certificate of Compliance with D.C. Colo. L. Civ. R. 7.1

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel for Defendant has attempted to confer with Plaintiff concerning the relief Defendant seeks herein. Plaintiff's counsel opposes the present motion.

**DATED**: July 17, 2014

Respectfully submitted,

By: _____
John A. Arsenault (CO Bar # 41327)
WESSELS & ARSENAULT, L.L.C.
1333 W. 120th Ave. Suite 219
Westminster, CO 80234
Telephone: 303-459-7898
Facsimile: 888-317-8582
john.arsenault@frontrangelegalservices.com
*Attorney for Defendant Sadowski*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2014, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER WHICH RELIEF MAY BE GRANTED** was sent via first-class mail or via the CM/ECF system to the following:

Jason Kotzker
Kotzker Law Group
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163

**DATED**:  July 17, 2014

By: _____
John A. Arsenault (CO Bar # 41327)

WESSELS & ARSENAULT, L.L.C.
1333 W. 120th Ave. Suite 219
Westminster, CO 80234
Telephone: 303-459-7898
Facsimile: 888-317-8582
john.arsenault@frontrangelegalservices.com
*Attorney for the Defendant*